# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MALINA BROWN, for herself, as a private attorney general, and/or on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TORRID, LLC,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-02329<br><br>**DEFENDANT TORRID, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[King County Superior Court Case No. 25-2-30875-8 KNT] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND ALL PARTIES AND THEIR ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Torrid, LLC ("Torrid" or "Defendant") hereby removes the action *Malina Brown v. Torrid, LLC*, pending in the Superior Court of the State of Washington, County of King, Case No. 25-2-30875-8 KNT (the "State Court Action") to the United States District Court for the Western District of Washington. As grounds for removal, Defendant respectfully states as follows:

**I.   INTRODUCTION**

1.   The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, is alleged to include more than 100 members in the proposed putative class, and is between citizens of different states.

DEFENDANT TORRID, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION - 1
Case No. 2:25-cv-02329

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

## II. BACKGROUND

2. On October 20, 2025, Plaintiff Malina Brown ("Plaintiff"), purportedly on her own behalf and all other similarly situated Washington citizens, filed the State Court Action in the Superior Court of the State of Washington for King County (the "Complaint"). Defendant was served with the Complaint on October 20, 2025. True and correct copies of the Summons, Complaint, and other documents filed in the State Court Action are attached hereto as **Exhibit A**.

3. Plaintiff contends that Defendant violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190.020 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86.020 RCW, by sending "numerous commercial emails with false or misleading subject lines to Plaintiff and other Washington residents." (Compl. ¶ at 41).

4. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiffs' theories of liability, class allegations, damages, or the like—all of which Defendant expressly denies—or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal

## III. REQUIREMENTS FOR REMOVAL UNDER CAFA

5. This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

6. The United States Supreme Court clarified the standards for removal under CAFA in 2014. Specifically, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading.

DEFENDANT TORRID, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION - 2
Case No. 2:25-cv-02329

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

7. Furthermore, the *Dart Cherokee* decision held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 554.

8. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal*." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"); *Bridewell-Sledge v. Blue Cross of California,* 789 F.3d 923, 929 (9th Cir. 2015) (under *Dart Cherokee*, error to apply a 'strong presumption against removal jurisdiction'"). In *Bridewell-Sledge v. Blue Cross*, the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *Bridewell-Sledge*, 798 F.3d 923, 929 (9th Cir. 2015).

## IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### A. Minimum Diversity Exists

9. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

10. **Defendant's Citizenship**: Limited-liability companies like Defendant are "unincorporated associations" under Section 1332(d)(10). *See Goddard v. Jubilant Hollisterstier, LLC*, No. 2:23-CV-0004-TOR, 2023 WL 3020494, at *2 (E.D. Wash. Apr. 20, 2023). Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenship of all its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada,*

DEFENDANT TORRID, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION - 3
Case No. 2:25-cv-02329

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

*N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

11. For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted.); *Goddard*, 2023 WL 3020494, at *2.

12. At the time Plaintiff commenced the State Court Action, Defendant was a limited liability company organized under the laws of the State of California with its principal place of business in San Jose, California. (Compl. ¶ 10.)

13. **Plaintiff's Citizenship**. A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff Malina Brown is a resident of King County, Washington. (Compl. ¶¶ 10.) Moreover, Plaintiff seeks to certify a class of, *inter alia,* "'[a]ll residents of the state of Washington' who, within the applicable limitations period, received an email from or at the behest of Defendant that contained in the subject line a 'xx% Off' or similar percentage-off statement." (*Id.* at ¶ 50.) Plaintiff identified certain "violative emails" as mere "examples" that are a "non-exhaustive list" and "only a fraction of the total number of such violative emails" that Defendant allegedly sent to Washington State residents. (*Id.* at ¶¶ 6-7, 43-44.)

14. Because Plaintiff and the alleged class members are citizens of Washington, and Defendant is a citizen of California, CAFA's diversity-of-citizenship requirement is satisfied.

B. **The Proposed Class Includes At Least 100 Members**

15. Plaintiff seeks to certify a class of "[a]ll residents of the State of Washington who, within the applicable limitations period, received an email from or at the behest of Defendant that contained in the subject line a 'xx% off' or similar percentage-off statement." (*Id*. at ¶ 50.) Plaintiff further claims

DEFENDANT TORRID, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION - 4
Case No. 2:25-cv-02329

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

that the class is "so numerous" and estimates it to contain "**thousands of individuals**." (*Id*. at ¶ 52) (emphasis added).

### C. The Amount in Controversy Exceeds $5 Million

16. The Supreme Court clarified in 2014 that a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

17. Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *Id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

DEFENDANT TORRID, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION - 5
Case No. 2:25-cv-02329

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

18.     Again, Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint and does not waive any defense with respect to any of Plaintiff's claims.  Nevertheless, Defendant has calculated the amount in controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and aggregating claims of alleged individual class members pursuant to 28 U.S.C. § 1332(d)(6).  Plaintiff's allegations place the amount in controversy on Plaintiffs' CEMA action well above $5,000,000, exclusive of interest and costs.

19.     Plaintiff seek $500 in statutory damages *per violative email*, per *Washington consumer* on Torrid's email marketing list, that Torrid has sent over the *last four years*.  (Compl. at ¶¶ 9, 83 ("[p]laintiff and Class members are entitled to receive $500 in statutory damages for each and every email that violated CEMA that was transmitted to them […] actual damages, treble damages, and attorneys' fees and costs […].)"

20.     Plaintiff's Complaint identifies at least 83 emails as "examples" of the allegedly violative emails that Defendant sent.  (Compl. ¶ 43.)  Based on Plaintiff's allegations that the class includes "thousands" of members, these allegations alone place the amount in controversy requirement far above the $5 million threshold (2,000 class members x 83 emails x $500 = $83,000,000).

21.     Plaintiff further seeks treble damages.  (*Id*. at ¶ 83.)  This could increase the damages to $249,000,000 (2,000 class members x 83 emails x $1,500 treble damages).

22.     Plaintiff also seeks attorneys' fees and costs.  (*Id*. at ¶ 83.)  Attorneys' fees should also be included in connection with the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *In re Quintus Sec. Litig*., 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Assuming the amount in controversy is $5,000,000, an award of 25% attorneys' fees based upon such amount would be an additional $1,250,000.  This amount further increases the amount in controversy above CAFA's threshold.

DEFENDANT TORRID, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION - 6
Case No. 2:25-cv-02329

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

## V.  NO CAFA EXCEPTIONS APPLY

23. The State Court Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## VI. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

24. Venue is proper in this district and division because King County Superior Court is located within the federal Western District of Washington, and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated – October 20, 2025. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

26. Further, notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all parties in accordance with 28 U.S.C. § 1446. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court" and Plaintiff has been served with all filings.

## VII. CONCLUSION

27. Wherefore, Defendant Torrid, LLC requests that the State Court Action now pending against it in the Superior Court of Washington, County of King, be removed to this Court.

DEFENDANT TORRID, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION - 7
Case No. 2:25-cv-02329

Benesch Friedlander Coplan & Aronoff, LLP
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828

| | |
|---|---|
| Dated: November 19, 2025 | Respectfully submitted,<br><br>*/s/ Meegan B. Brooks*<br>MEEGAN B. BROOKS (WA Bar No. 62516)<br>**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**<br>100 Pine Street, Suite 3100<br>San Francisco, CA 94111<br>Telephone: 628.600.2232<br>Email: mbrooks@beneschlaw.com<br><br>*Attorney for Defendant Torrid, LLC* |

DEFENDANT TORRID, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION - 8
Case No. 2:25-cv-02329

**Benesch Friedlander Coplan & Aronoff, LLP**
100 Pine Street, Suite 3100
San Francisco, CA 94111
TEL (628) 600-2250  FAX (628) 221-5828